# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| ANTHONY EVANS, | Civil Action No. 4:18-cv-00713-RBH |
| Plaintiff, | |
| v. | **CONSENT ORDER STAYING ACTION** |
| RYLIE ELIZABETH JOHNSON, | |
| Defendant. | |

BEFORE THE COURT is a Consent Motion to Stay Action.

By and through their respective counsel undersigned, all of the parties to this action, namely, Plaintiff, Anthony Evans; Defendant, Rylie Elizabeth Johnson; and the Unnamed UIM Defendants, Erie Insurance Exchange and Allstate Insurance Company (collectively, the "Parties"), represent to the Court as follows in support of the subject motion:

1. This is a personal injury lawsuit arising out of an automobile accident.

2. Plaintiff and Defendant have reached an agreement to settle the matter on a covenant not to execute.

3. As more fully set forth in the written covenant,[1] in consideration of the payment, to Plaintiff, on Defendant's behalf, by Defendant's automobile liability insurer, American Family Mutual Insurance Company ("AFMIC"), of the full amount of the per-person bodily injury liability coverage limit on the auto insurance policy AFMIC issued covering the vehicle Defendant was driving at the time of the underlying auto accident (the "Subject AFMIC Policy"), Defendant is

---

[1] Nothing in this order is intended in any way to alter or otherwise affect the terms or meaning of the written covenant. The terms of the written covenant are generally described herein solely for the purpose of providing this order's context.

1

protected from personal liability exposure relating to the underlying auto accident, but Plaintiff's claims against Defendant are not released, and Plaintiff may continue to prosecute the instant personal injury suit and, although Plaintiff may not seek enforcement against Defendant personally, Plaintiff may seek payment of any judgment he may obtain in the instant personal injury suit against/under any other applicable insurance coverage, i.e., against/under other insurance coverage besides the coverage provided by the Subject AFMIC Policy.

4. In another court, there is a pending declaratory judgment action about whether certain disputed underinsured motorist (UIM) coverage exists/applies with respect to the underlying auto accident (the "UIM DJ").

5. Whether Plaintiff will continue to prosecute the instant personal injury suit will depend on the outcome of the UIM DJ.

6. The Parties agree that is in the interests of justice and judicial economy, and that it will work no undue prejudice upon any Party, for the instant personal injury suit to be stayed pending the outcome of the UIM DJ.

NOW, THEREFORE, for good cause shown, it is hereby ordered as follows:

(a) The instant personal injury suit is stayed pending the final adjudicated resolution of the UIM DJ;[2]

(b) Beginning four (4) months after the date that this Consent Order Staying Action is filed and continuing every four (4) months thereafter—until such time as Plaintiff either advises this Court that the instant personal injury suit should be dismissed (see the procedure set forth in (c) below) or that the stay now imposed should be lifted so that the instant personal injury suit can proceed (see the procedure set forth in (d) below)—Plaintiff shall advise the Court as to the status of the UIM DJ, specifically, Plaintiff shall file, via ECF, a letter or other appropriate notice confirming that the UIM DJ remains pending, i.e., that the UIM DJ has not yet reached a final adjudicated resolution;

---

[2] An adjudicated resolution of the UIM DJ will not be considered final until all rights to appellate review (of the trial court's decision on the merits in that proceeding) are expired or otherwise exhausted.

(c) In the event that, prior to the UIM DJ reaching a final adjudicated resolution, the UIM DJ is resolved via agreed-upon settlement that calls for the dismissal of the instant personal injury suit (or otherwise leaves no just reason for continued prosecution of the instant personal injury suit), Plaintiff shall promptly file a "Voluntary Dismissal," dismissing the instant personal injury suit WITH PREJUDICE, with no costs awarded to or assessed against any of the Parties—as evidenced by their consents to the instant Consent Order Staying Action, the Parties are hereby deemed to have consented to such dismissal;

(d) Upon the final adjudicated resolution of the UIM DJ, or in the event that, prior to the UIM DJ reaching a final adjudicated resolution, the UIM DJ is resolved via agreed-upon settlement that leaves some just reason for continued prosecution of the instant personal injury suit, Plaintiff shall promptly advise this Court of the same via submission of a "Consent Motion to Lift Stay," which shall briefly explain why the stay now imposed should be lifted so that the instant personal injury suit can proceed, along with a proposed "Consent Order Lifting Stay," which shall provide only for the lifting of the stay now imposed and no other relief—as evidenced by their consents to the instant Consent Order Staying Action, the Parties are hereby deemed to have consented to such motion/order;

(e) In the event that the procedure under (d) above is followed, within twenty (20) days after entry of the order lifting the stay, provided the Parties are able to reach agreement on a single proposal, Plaintiff shall submit to the Court a proposed "Consent Second Amended Scheduling Order" or, if the Parties are not able to agree upon a single proposal, each of the Parties (either individually or jointly as a group of any two or more of them who are in agreement) shall submit to the Court their own proposed "Consent Second Amended Scheduling Order;"[3]

(f) Notwithstanding the stay ordered hereby, the Court retains jurisdiction over this action and, upon due notice to the Parties and an opportunity to be heard, the Court may modify the terms of this order and/or address any other matter(s) relating to the action as may be needed or otherwise appropriate during the period of time in which the action is stayed.

IT IS SO ORDERED.

April 16, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] Unless the Court directs otherwise, any "Consent Second Amended Scheduling Order" submitted shall be in substantially the same form as the Consent Amended Scheduling Order filed July 25, 2018 [ECF No. 21].

**&lt;SIGNATURES OF COUNSEL ON FOLLOWING PAGE&gt;**

**WE CONSENT:**

*s/Pamela R. Mullis*
Pamela R. Mullis
Mullis Law Firm
P.O. Box 7757
Columbia, SC  29202
(803) 799-9577
prmullis@mullislawfirm.com

*Attorney for Plaintiff*
*Anthony Evans*


*s/Russell G. Hines*
Stephen L. Brown
Russell G. Hines
Young Clement Rivers, LLP
P.O. Box 993
Charleston, SC  29402
(843) 720-5488
sbrown@ycrlaw.com
rhines@ycrlaw.com

*Attorneys  for Defendant*
*Rylie Elizabeth Johnson*

*s/Lee M. Thomas*
Elizabeth A. Martineau
Lee M. Thomas
Martineau King PLLC
P.O. Box 241268
Charlotte, NC  28224
(704) 247-8520
emartineau@martineauking.com
lthomas@martineauking.com

*Attorneys for Unnamed UIM Defendant*
*Erie Insurance Exchange*


*s/Kelli L. Sullivan*
Kelli L. Sullivan
Clawson and Staubes, LLC
1612 Marion Street, Suite 200
Columbia, SC  29201-2939
(800) 774-8242
ksullivan@clawsonandstaubes.com

*Attorney for Unnamed UIM Defendant*
*Allstate Insurance Company*